STEGALL MILLING COMPANY, INC., J. M. BLEVINS AND SON; YADKIN VALLEY MOTOR COMPANY, INC., AND DR. SALISBURY'S LABORATORIES, INC., PETITIONERS v. E. P. HETTIGER, JR., INDIVIDUALLY; E. P. HETTIGER, JR., SOLE HEIR OF HILDA HETTIGER, DECEASED, AND E. P. HETTIGER, SR., DECEASED; L. W. CURRY; FLAKE B. WEBER, INDIVIDUALLY, AND FLAKE B. WEBER, SOLE HEIR OF LORENE B. WEBER; ALL OTHER KNOWN AND UNKNOWN STOCKHOLDERS, AND UNKNOWN HEIRS AND NEXT OF KIN OF DECEASED STOCKHOLDERS OF HOLLY MOUNTAIN FARMS COMPANY; EXXON CORPORATION, SUCCESSOR TO HUMBLE OIL AND REFINING COMPANY; RUSSELL E. MINTON AND WIFE, MARY VIRGINIA MINTON; EDWIN MINTON AND WIFE, BARBARA MINTON; AND ALL OTHER KNOWN AND UNKNOWN JUDGMENT CREDITORS OF HOLLY MOUNTAIN FARMS COMPANY, RESPONDENTS

No. 7523SC355

(Filed 17 September 1975)

Corporations § 29— appointment of receiver — failure to find land asset of corporation — power of receiver

An order of the trial court appointing a receiver of Holly Mountain Farms Company and empowering and directing the receiver "to take into his possession and control, all and singular, the property, assets, books, papers and records of the said corporation . . . " did not specify that 89 acres claimed by the respondent appellants as their own was an asset of the corporation, and the receiver was therefore not entitled to exercise any control over the land until such time as there was a proper adjudication that the land was an asset of the corporation.

APPEAL by respondents Russell Minton and wife, Mary Virginia Minton, from Wood, Judge. Order entered 20 February 1975 in Superior Court, WILKES County. Heard in the Court of Appeals 27 August 1975.

On 14 October 1974, petitioners filed a petition alleging in pertinent part the following: Petitioners and respondent Exxon Corporation are judgment creditors of Holly Mountain Farms Company (Holly Mountain) which was formerly a North Carolina corporation. On 12 November 1963, respondents Russell and Mary Virginia Minton (appellants) executed and delivered to Holly Mountain a deed conveying approximately 89 acres of land in Wilkes County. On the same day, Holly Mountain executed and delivered to a trustee for appellants a deed of trust on said lands securing a note for $8,500.00. The deed and deed of trust were duly recorded. On 15 December 1969, Holly Mountain purported to reconvey said lands to appellants. The corporate charter of Holly Mountain was suspended as of 13 April

1965 by the Secretary of State and has not been reinstated. Holly Mountain has no assets except the tract of land aforesaid. Petitioners asked that a receiver be appointed for the defunct corporation for purpose of selling its property, determining the priority of lien holders and judgment creditors, and disbursing funds received under orders of the court.

On 27 November 1974, appellants filed answer denying material allegations of the petition including the allegation that the 89-acre tract of land is an asset of the corporation.

On 23 January 1975, Wood, Judge, entered an order appointing a temporary receiver "to take legal title" to the 89 acres of land and requiring all parties to the proceeding to appear on 30 January 1975 and show cause, if any they had, why the order for a temporary receiver should not be made permanent. Appellants filed objections and exceptions to the order.

On 20 February 1975, following a hearing, the court entered an order appointing Max F. Ferree receiver of Holly Mountain Farms Company and "he is hereby empowered and directed to take into his possession and control, all and singular, the property, assets, books, papers and records of the said corporation . . . . " The order further restrained all persons, firms and corporations from interfering in any manner with the property and assets of Holly Mountain and with the receiver in the performance of his duties and required that the receiver post bond in amount of $1,000.00.

Appellants appealed.

*Franklin Smith for respondent appellants.*

*William H. McElwee III and W. G. Mitchell for petitioner appellees.*

BRITT, Judge.

Appellants contend that the court erred (1) in appointing a receiver and (2) in providing for the receiver "to take legal title" to the 89 acres of land. We will discuss the second contention first.

While appellants filed objections and exceptions to the 23 January 1975 order appointing a temporary receiver, their appeal is from the order entered on 20 February 1975 which completely superseded the former order. It will be noted that the

latter order, unlike the former, did not specify the land as an asset of Holly Mountain but directed the receiver to take into his possession and control "the property, assets, books, papers and records of the said corporation." In view of the pleadings, and particularly the answer filed by appellants denying that the land is an asset of Holly Mountain, we hold that the receiver is not entitled to exercise any control over the land until such time as there is a proper adjudication that the land is an asset of Holly Mountain.

Regarding appellants' contention that the court erred in appointing a receiver, in view of our holding above, we perceive no prejudice to appellants by the appointment. If any assets of Holly Mountain are discovered or determined, it would appear that a receiver would be authorized under G.S. 105-232, G.S. 1-502, or by virtue of the inherent power of the court. *Sinclair v. Railroad,* 228 N.C. 389, 45 S.E. 2d 555 (1947).

As interpreted and clarified by this opinion, the order appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.